**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LUKE REED,

Plaintiff-Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
WILLIAM L. CUMMINGS, Secretary
of Corrections Designee, Kansas
Department of Corrections; PATRICK
MCKEE, General Manager of Food
Service/Aramark, Lansing
Correctional Facility; MIKE NEVE,
Deputy Warden, Lansing Correctional
Facility; E. L. RICE, Unit Team
Member, Lansing Correctional
Facility; KURT HOLTHAUS, Unit
Team Member, Lansing Correctional
Facility; COLLETTE
WINKELBAUER, Classification
Member, Lansing Correctional
Facility,

Defendants-Appellees.

No. 04-3477
(D.C. No. 03-CV-3492-GTV)
(D. Kan.)

**ORDER**[*]

---

[*]     This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **LUCERO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Luke Reed, an inmate in a Kansas correctional facility, has filed an appellate brief contending that the district court erred in dismissing his civil-rights action. We determine that Mr. Reed, who is proceeding pro se, has not timely filed a document in this court which may be construed as a notice of appeal. As a consequence, we dismiss this appeal.

## BACKGROUND

In the district court, Mr. Reed brought suit under 42 U.S.C. § 1983, alleging that defendants had violated his constitutional rights by (1) refusing to pay for 1997 damage to his property, (2) providing an inadequate diet and unsanitary conditions, (3) retaliating for his filing prison grievances procedures, and (4) imposing unlawful discipline. Early in the litigation, on August 13, 2004, the district court denied Mr. Reed's motion for appointment of counsel and motions for service of process. Mr. Reed filed a notice of appeal of this decision. Because the order was not a final or immediately appealable decision and no extraordinary

circumstances were present, this court lacked jurisdiction over the proposed appeal. *See Cotner v. Mason*, 657 F.2d 1390, 1392 (10th Cir. 1981).

While Mr. Reed's attempt at an interlocutory appeal was pending, the district court addressed the merits of the case. It concluded that the applicable statute of limitations barred Mr. Reed's claim for property damages. As for issues concerning food and unsanitary kitchen conditions, the district court dismissed these claims because the alleged situation was unpleasant, but insufficiently serious to amount to a civil-rights violation. Alternatively, Mr. Reed failed to allege a culpable state of mind and, in one instance, failed to exhaust the prison grievance process. Mr. Reed's retaliation claim was dismissed for lack of causation allegations, and the unlawful discipline claim was dismissed without prejudice because the imposed fine had not been invalidated.

The district court entered an order and separate judgment dismissing the entire action on November 30, 2004. Mr. Reed did not file a timely notice of appeal after that disposition. However, he filed a motion for appointment of appellate counsel on December 20, 2005.

## DISCUSSION

Under Rule 3 of the Federal Rules of Appellate Procedure, federal appellate jurisdiction is "condition[ed] . . . on the filing of a timely notice of appeal." *Smith v. Barry,* 502 U.S. 244, 245 (1992). A notice of appeal must "specify the party or

parties taking the appeal; . . . designate the judgment, order or part thereof being appealed; and . . . name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)-(C). The appellate court "has jurisdiction to review only the judgment or part of the judgment designated in the notice of appeal." *Averitt v. Southland Motor Inn of Okla.*, 720 F.2d 1178, 1180 (10th Cir. 1983).

Notices of appeal, however, are construed liberally. *Smith*, 502 U.S. at 248. "[W]hen papers are technically at variance with the letter of Rule 3, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (internal quotation marks and brackets omitted). The convention of liberal construction extends to an avoidance of "denying review of issues that the parties clearly intended to appeal." *Averitt*, 720 F.2d at 1180.

Moreover, in *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988) (en banc), the Tenth Circuit held that Rule 4(a)(2) of the Federal Rules of Civil Procedure allows a premature notice of appeal filed from a nonfinal judgment to ripen upon entry of a subsequent final judgment and save the appeal. The *Lewis* rule, however, has its limitations. Although a subsequent order may ripen a notice of appeal of a nonfinal order, the notice confers jurisdiction over only those orders in existence at the time it was filed. *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992). The filing of a final order "does not

automatically effectuate the appeal of every judgment or order rendered in the entire case." *Id.* A second or amended notice is necessary to preserve the final adjudication for review.

Another limitation implicit in the *Lewis* standard is that the order leading to the premature notice of appeal must have independent indicia of finality. As the Supreme Court has explained, Rule 4(a)(2) does not "permit[] a notice of appeal from a clearly interlocutory decision . . . to serve as a notice of appeal from the final judgment." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991). Rather, it "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." *Id.* In such a case, "a litigant's confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise." *Id. See also Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 778 (10th Cir. 1993) (stating that the "court's reasoning in *Lewis* was that an interlocutory order disposing of less than all the claims, though lacking in technical formal finality, would likely remain unchanged in its form and content") (quotation omitted).

This court has considered whether the principles expressed in either *Smith* or *Lewis* provide us with jurisdiction over this appeal. Mr. Reed's motion for

appointment of counsel on appeal provides the sole possibility for a *Smith* analysis. That motion broadly refers to the violation of his constitutional rights and his entitlement to relief. However, it does not specify the order appealed from–the denial of appointed counsel or the entry of final judgment. Accordingly, the motion lacks a basic requirement under Rule 3 and cannot be considered the functional equivalent of a notice of appeal.

It could be argued that Mr. Reed's premature notice of appeal triggered the ripening principle recognized in the *Lewis* case. We note that only one district court order was in existence at the time Mr. Reed filed his notice. The existing order merely denied his motion for appointment of counsel and motions for service of process. It is apparent that this order was clearly interlocutory, with no indicia of finality. As a consequence, the notice of appeal was ineffective to confer jurisdiction upon this court for our review of any issue.

## CONCLUSION

We DISMISS Mr. Reed's appeal for lack of jurisdiction. We deny as moot Mr. Reed's motion for appointment of counsel on appeal and grant his motion to

proceed in forma pauperis on appeal. We remind Mr. Reed of his obligation to continue making partial payments until he has paid the entire fee.

Entered for the Court

Stephen H. Anderson
Circuit Judge