**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY A. HILL,

       Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, INC.; (FNU) DENNIS,
Captain; (FNU) MOORE, Lieutenant,

       Defendants - Appellees.

No. 05-3374
(D.C. No. 02-CV-3238-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Plaintiff-Appellant Gregory Hill, a federal prisoner detained at a prison run

by Defendant-Appellee Corrections Corporation of America ("CCA"), challenges

the district court's refusal to appoint him counsel and to amend its pretrial order

to include a new claim. Taking jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

**BACKGROUND**

Hill sued CCA and two of its employees, Captain Theodore Dennis and Lieutenant Roger Moore, (collectively, "Defendants"), for personal injuries Hill sustained while an inmate at CCA's facility in Leavenworth, Kansas.[1] Specifically, Hill alleges that while he was in a segregation cell, CCA officers placed another inmate in with him who quickly became agitated and demanded to be let out. After the second inmate refused to allow his hands to be cuffed and became increasingly hostile, a CCA officer pepper sprayed him. The officer then left for approximately 25 minutes to gather other officers to form an "extraction team"; upon their return, the second inmate complied with the order to have his hands cuffed. During the intervening 25 minutes, a video tape shows Hill coughing and asking to be removed from the cell; his requests were denied because the CCA officer who remained near the cell during the 25 minute period did not perceive any immediate threat to Hill's health or safety. After the second inmate was cuffed, Hill was released from the cell and treated by medical personnel. Hill claims permanent damage to his eyes from the incident.

In September 2004, the district court entered a pretrial order which noted that Hill was raising six counts of negligence. Two weeks later, Hill filed a document titled "Plaintiff's Position As To Statement Of Claims And Requests

---

[1] CCA is a private corporation that houses federal prisoners pursuant to a contract with the United States Marshal's Service.

For Jury Trial And Appointment Of Counsel," in which he argued that "defendants were deliberately indifferent to" his needs.

In October 2004, Defendants moved for summary judgment as to all of Hill's claims. In ruling on this motion, the district court construed Hill's earlier filing as a motion to amend the pretrial order. Noting that all of Hill's claims against the Defendants were based in negligence and that he had raised no argument that the Defendants had violated his constitutional rights, the court explained that "while the 'deliberate indifference' standard is appropriate in the context of an Eighth Amendment failure to protect claim, it has no application to plaintiff's negligence claims." The court thus denied Hill's motion to amend. The court also denied Hill's request for counsel, finding that Hill understood what facts were material to his claim and was able to cite statutory and case law to support his propositions. Finally, the district court granted summary judgment in favor of the Defendants on Hill's negligence claims.

## DISCUSSION

Before turning to the merits, we must address the threshold question of whether Hill's notice of appeal was timely. See, e.g., Dodge v. Cotter Corp., 328 F.3d 1212, 1220 (10th Cir. 2003) ("[T]he filing of a timely notice of appeal is mandatory and jurisdictional.").

**I.**

The district court entered its final judgment on August 4, 2005, the day after issuing its summary judgment order. The district court's docket indicates that Hill's notice of appeal was not filed until September 17, 2005—44 days later. The Federal Rules of Appellate Procedure generally give litigants in a civil case 30 days from the entry of judgment to file a notice of appeal; an exception exists "[w]hen the United States or its officer or agency is a party," in which case the notice is due 60 days after judgment. Fed. R. App. P. 4(a)(1)(A)-(B). We therefore ordered supplemental briefing on the question of whether CCA, as a private corporation operating pursuant to a contract with the federal government, falls into the Rule's exception—that is, whether CCA is an "officer or agency" of the federal government.

In his supplemental brief, Hill argued that we need not reach this question because he did, in fact, file a notice of appeal within 30 days of the district court's entry of judgment. Specifically, Hill asserts that his "motion for appointment of counsel," which he claims was received by the district court on August 15, 2005—11 days after the entry of judgment—should be construed as a notice of appeal.[2]

---

[2] We note that Hill's motion is not recorded on the district court's docket. However, Hill attached to his supplemental brief both a copy of the motion and a copy of the envelope in which he claims he mailed the motion. The envelope is clearly stamped "received" by the district court, with a date stamp of August 15,

(continued...)

The Rules of Appellate Procedure require that a notice of appeal specify the party taking the appeal, the judgment or order being appealed from, and the court to which the appeal is taken. Fed. R. App. P. 3(c)(1)(A)-(C). However, although noncompliance with this rule bars an appeal from being heard, "[c]ourts will liberally construe the requirements of Rule 3." Smith v. Barry, 502 U.S. 244, 248 (1992). Indeed, Rule 3 itself cautions against dismissing an appeal "for informality of form." Fed. R. App. P. 3(c)(4).

Following this rule of liberal construction, at least two courts of appeals have found requests for counsel that are similar to Hill's to provide the notice required by Rule 3. In Campiti v. Matesanz, 333 F.3d 317 (1st Cir. 2003), a pro se habeas petitioner submitted a request for appointment of counsel, which read:

> I am the petitioner in the above captioned habeas corpus proceeding. My counsel . . . has been allowed to withdraw by the court.
>
> I am indigent and hereby request that the court appoint counsel to represent me for the purposes of filing a notice of appeal and a request for a certificate of appealability. A financial affidavit is attached for the court's consideration.

Id. at 320. Finding that this request "plainly evidences an intention to appeal," the First Circuit was satisfied that failure to expressly specify the judgment

---

[2](...continued)
2005. Further, Hill's supplemental brief states that he mailed the motion on August 9 and that the motion was returned to him by the district court "with no explanation"; he makes these statements "under the penalty of perjury." We are therefore satisfied that the motion was submitted to the district court within the 30 days allowed by Rule 4(a)(1)(A).

appealed from or the appellate court did not bar the appeal; "where no doubt exists as to either, Rule 3 buttressed by latitude for a pro se litigant forgives these 'informalit[ies] of form.'" Id. (quoting Fed. R.App. P. 3(c)(4)).

Similarly, in United States v. Ward, 696 F.2d 1315 (11th Cir. 1983), the court noted that the defendant had submitted "a letter to the district court . . . in which he expressed an intent to appeal his conviction and requested the appointment of an attorney to represent him in those proceedings." Id. at 1318. Noting that Rule 3 only requires that "the function of notice [be] met by the filing of a paper indicating an intention to appeal," id. at n.2 (citing Fed. R. App. P. 3 advisory committee note), the court held that "[u]nder a liberal reading of Fed.R.App.P. 3(c) . . . the letter satisfies the requirements of the Rule." Id. at 1318.

Turning to Hill's motion, we find that it satisfies Rule 3. As a general matter, it directly evidences a desire to appeal, as it asks for appointment of counsel "to represent the petitioner in the appeal that he wishes to file." More specifically, the motion's caption reads: "Gregory A. Hill, Appellate [sic] vs United States of America, Respondent"; this plainly specifies the party taking the appeal. Hill asks for counsel to "represent the petitioner is his appeal *concerning the judgment rendered in the instant matter*," meeting the second condition of the

Rule.[3] And although the motion does not specify the court to which Hill intends to appeal, there is no doubt that we are the proper court to consider the case. As we have explained, "a defective notice of appeal does not justify dismissal 'where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee.'" United States v. Neal, 774 F.2d 1022, 1023 (10th Cir. 1985) (quoting Graves v. Gen. Ins. Corp., 381 F.2d 517, 519 (10th Cir. 1967)); see also Campiti, 333 F.3d at 320 ("[W]here no doubt exists as to [the court to which petitioner is appealing], Rule 3 buttressed by latitude for a pro se litigant forgives th[is] 'informalit[y] of

---

[3] On appeal, Hill appears to contests the denial of his motion to amend the Rule 16(e) pretrial order to include an Eighth Amendment deliberate indifference claim, see Fed. R. Civ. P. 16(e), and perhaps the denial of his motion for appointment of counsel. Neither of these orders are expressly mentioned in the judgment, which refers only to the parties' motions for summary judgment. However, "a notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders." 16A Charles Alan Wright, et al., Federal Practice and Procedure 72 (3d ed. 1999); see also Bowdry v. United Airlines, Inc., 58 F.3d 1483, 1489 (10th Cir. 1995) ("All prior interlocutory judgments affecting . . . appellants merged into the final judgment and became appealable at that time."). Hill's notice of appeal therefore allows us to review the district court's pre-judgment orders denying Hill's motion to amend and motions for counsel. See Cotner v. Mason, 657 F.2d 1390, 1391-92 (10th Cir. 1981) (denial of motion to appoint counsel in civil case is interlocutory); 15B Wright, et al., supra at 201 ("Rule 16 orders are inherently interlocutory, and are not final."); cf. Burnette v. Dresser Industries, Inc., 849 F.2d 1277, 1278 (10th Cir. 1988) (noting that court was reviewing "interlocutory order . . . denying [appellants'] motion to amend a pretrial order" pursuant to special statutory authorization).

form.'").[4]

In sum, we find that Hill's motion for appointment of counsel is properly construed as a notice of appeal under the "liberal" requirements of Rule 3. We therefore have jurisdiction to consider the merits of his appeal.

**II.**

Although his brief is a bit unclear, it appears that Hill seeks to appeal the district court's decision not to allow amendment of the pre-trial order to include an Eighth Amendment claim and its decision refusing to appoint counsel. We review both decisions for abuse of discretion, see Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (motion to appoint counsel); Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1117 (10th Cir. 2003) (motion to amend pre-trial order), meaning that "we will not disturb [the] trial court's decision unless we have a definite and firm conviction that the trial court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Leonard, 439 F.3d 648, 650 (10th Cir. 2006) (quotations, original alterations omitted); see also Hill, 393 F.3d at 1115 ("Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned.").

_____

[4] In Reed v. McKune, 153 F. App'x 511 (10th Cir. 2005), we refused to construe a motion for appointment of appellate counsel as a notice of appeal because the motion "d[id] not specify the order appealed from." Id. at 514. Hill's motion does not suffer from this defect. See supra n.3.

As for the attempt to amend the pre-trial order, Hill's entire case until that point had been firmly grounded in negligence. Hill added no new allegations in the motion to amend (nor does he point to any in his brief on appeal) that would take the case from one of "mere negligence" to one of deliberate indifference. See, e.g., Smith v. Cummings, 445 F.3d 1254, 1258 (10th Cir. 2006) ("Mere negligence does not constitute deliberate indifference."). The district court did not abuse its discretion in refusing to amend the pre-trial order—an action taken only to "prevent manifest injustice," Fed. R. Civ. P. 16(e)—to add a claim that finds no support in Hill's allegations.

Similarly, the court did not abuse its discretion in refusing to grant Hill's motion for appointment of counsel. The district court reasoned that, although Hill failed to follow some procedural rules, his filings generally evidenced an understanding of the relevant facts and legal principles necessary to present his claims. We have reviewed the record, and we agree. The denial of counsel simply did not manifest the "fundamental unfairness" necessary to reverse the district court's ruling.[5]

---

[5] We note that Hill's brief on appeal also requests that we "review Rule 35 authorization to obtain an eye specialist to look at [his] eyes." Hill does not elaborate or argue the matter further. We therefore decline to consider this issue on appeal. See Am. Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal.").

## CONCLUSION

For the foregoing reasons, we AFFIRM.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge