**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY DOWDY,

        Petitioner-Appellant,

v.

JUSTIN JONES,

        Respondent-Appellee.

No. 06-6218

(W.D. of Okla.)

(D.C. No. CV-04-399-H)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Terry Dowdy, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For substantially the same reasons set forth by the magistrate judge, we find that Dowdy has failed to make the requisite showing for a COA and therefore DENY his request.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Terry Dowdy is a state prisoner in Lawton, Oklahoma. In 1993, Dowdy pled guilty to marijuana possession and was sentenced to fifteen years imprisonment, with three years suspended. After two unsuccessful post-conviction actions in state court and shortly before his 12-year prison term was set to expire, Dowdy initiated federal habeas proceedings. He claimed his sentence was illegal because it contained a suspended sentence for which he was ineligible,[1] and that his guilty plea was involuntary as a result. The district court agreed and in 2001 granted conditional habeas relief unless the State gave Dowdy an opportunity to withdraw his guilty plea. The State promptly provided this opportunity and, against the advice of counsel, Dowdy withdrew his plea. On May 3, 2001, the district court entered an order and judgment denying Dowdy's habeas petition because the State had complied with the mandate set forth in the conditional writ.

The State elected to reprosecute Dowdy. At a bench trial in state court on December 11, 2001, Dowdy was convicted of unlawful possession of marijuana with intent to distribute after former conviction of one or more drug related felonies and sentenced to twenty years. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Dowdy's conviction and sentence but

---

[1] Under Oklahoma law, Dowdy was ineligible for a suspended sentence because of a previous felony conviction. Why this fact was unknown or disregarded during Dowdy's sentencing hearing is unclear from the record.

remanded the case to the trial court with directions that Dowdy be given credit for the time he served on his original conviction. Dowdy's subsequent application for post-conviction relief was denied. The OCCA affirmed, holding that consideration of all issues raised on direct appeal were *res judicata* and that Dowdy had waived all other issues that could have been previously asserted. Moreover, the OCCA disposed of Dowdy's jurisdictional, double jeopardy, and ineffective assistance of counsel claims on the merits.

Dowdy's current § 2254 petition asserts the following five grounds for habeas relief: (1) the trial court was without jurisdiction to retry him because he had discharged his original sentence before the State gave him the opportunity to withdraw his plea; (2) his subsequent twenty-year sentence violates state and federal constitutional prohibitions against double jeopardy; (3) trial and appellate counsel were ineffective for failing to argue the lack of jurisdiction and double jeopardy issues; (4) trial and appellate counsel were ineffective for failing to argue the Fourth Amendment search and seizure issue raised on direct appeal; and (5) trial and appellate counsel were ineffective for failing to investigate and challenge the use of invalid prior convictions to enhance his present sentence. In a 30-page report and recommendation, the magistrate judge rejected all of Dowdy's claims. Upon de novo review, the district court adopted the magistrate judge's recommendation and dismissed Dowdy's petition.

## II. Discussion

To appeal the district court's denial of his § 2254 petition, Dowdy must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.*

For substantially the same reasons set forth by the magistrate judge, we find that Dowdy has failed to make the requisite showing for a COA. The magistrate judge's 30-page report and recommendation thoroughly analyzes the record and is supported by the applicable law. With respect to Dowdy's first claim that the state trial court lacked jurisdiction to retry him, the magistrate judge properly concluded that this is a state law question that is not cognizable under § 2254, which is confined to alleged errors of federal law. *Morris v. Burnett*, 319 F.3d 1254, 1268 (10th Cir. 2003). Regarding Dowdy's double jeopardy claim, we agree that the OCCA's rejection of the claim involved a reasonable application of federal law:

> The Double Jeopardy Clause of the Fifth Amendment, as applied to the states through the Fourteenth Amendment, protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal

punishments for the same offense. "It has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error on the proceedings leading to the conviction."

*Magistrate Judge's Report and Recommendation* at 12 (quoting *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988)).[2] The magistrate judge's analysis of Dowdy's ineffective assistance of trial and appellate counsel claims was likewise correct, and we agree that none of the grounds asserted rises to the level of a substantial showing of a denial of a constitutional right as required for a COA to issue.

### III. Conclusion

For the reasons above we DENY Dowdy's application for a COA and DISMISS this appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[2] *See also District Court Order* at 3–4 ("The record in this case reflects that [Dowdy] made certain critical, tactical decisions in the course of proceedings. One was to pursue (against the advice of his counsel) the withdrawal of his guilty plea under circumstances where his initial sentence, later determined to be illegal, was substantially served. That he ended up with a longer sentence after retrial and resentencing is unfortunate for him, but does not render the resulting conviction or sentence infirm under the applicable standards."