**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CAVROLL HICKMON, JR.,

Petitioner-Appellant,

v.

DEBBIE MAHAFFEY, Warden,

Respondent-Appellee.

No. 01-5073
(D.C. No. 00-CV-570-K)
(N.D. Okla.)

ORDER AND JUDGMENT *

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the petitioner's brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Cavroll Hickmon, Jr., an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to challenge the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  See 28 U.S.C. § 2253(c)(1)(A) (no appeal unless COA issued).  We deny issuance of a COA and dismiss the appeal.

Mr. Hickmon was convicted of first-degree murder and sentenced to life in prison on June 27, 1991.  His conviction was affirmed on direct appeal on May 18, 1993.  The time for petitioning for certiorari expired ninety days later, on August 16, 1993.  Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Mr. Hickmon had until April 24, 1997 to file a federal habeas petition. 28 U.S.C. § 2244(d)(1);   Fisher v. Gibson  , 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that when a conviction became final before AEDPA's effective date of April 24, 1996, a petitioner has one year after AEDPA's enactment to file a § 2254 petition).

Mr. Hickmon filed his federal habeas petition on July 12, 2000, after the AEDPA limitations period had expired.  The district court held that Mr. Hickmon's federal habeas petition was time barred and that equitable tolling was not warranted.  Accordingly, the district court dismissed the habeas petition and denied a COA for appeal.

In seeking a COA from this court, Mr. Hickmon argues that his federal habeas petition should be considered on the merits because (1) the limitations period was tolled by his post-conviction motions filed in the state court, pursuant to 28 U.S.C. § 2244(d)(2) (AEDPA time limitation period tolled during pendency of properly filed state post-conviction motion), (2) he is entitled to equitable tolling based on his actual innocence and his diligence in pursuing his remedies, and (3) the holding of Hogan v. Gibson, 197 F.3d 1297 (10th Cir. 1999), cert. denied, 531 U.S. 940 (2000), should be applied to him, which would entitle him to a new trial. He maintains that until Hogan was announced in 1999, he did not have this ground for relief.

The district court dismissed the habeas petition on procedural grounds without reaching petitioner's underlying constitutional claims. Therefore, we examine whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Mr. Hickmon's federal habeas petition was filed long after the one-year grace period. His state post-conviction motions, filed on September 28, 1999 and April 26, 2000, were also filed after the one-year period. Consequently, they could not toll the already-expired limitations period. Fisher, 262 F.3d at 1142-43.

-3-

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir.2000) (quotation omitted). Equitable tolling may be appropriate upon a showing of actual innocence. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). For his actual-innocence claim, Mr. Hickmon states that if one Chris Brown had been interviewed, he or she would have corroborated his alibi, thereby strengthening his trial testimony. [1] This is an insufficient showing because it would be merely corroborating evidence and it is entirely speculative. See Stafford v. Saffle, 34 F.3d 1557, 1561-62 (10th Cir. 1994) (holding corroborative or speculative evidence insufficient to meet high threshold for actual innocence in evaluating whether actual-innocence claim warranted leave to amend habeas petition). Accordingly, Mr. Hickmon is not entitled to equitable tolling on this ground.

Mr. Hickmon also contends that he is entitled to equitable tolling because he diligently pursued his remedies, but could not have filed his federal habeas petition sooner because he did not understand the legal significance of his actual-innocence claim until he discussed it with another inmate shortly before he

---

[1] Mr. Hickmon has not developed his actual-innocence claim on appeal. A review of his habeas petition reveals his alibi-witness argument as the only one supporting his claim that he did not commit the crime. In the habeas petition, he also complains about trial errors, but these argue only legal innocence, which is insufficient. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995).

filed his habeas petition. In addition, he could not afford an attorney or a jailhouse lawyer to explain his legal rights to him.

An inmate may be entitled to equitable tolling if he "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 121 S. Ct. 1195 (2001). "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808. Ignorance of the law generally will not excuse timely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220. The inability to hire an attorney also will not excuse an untimely habeas petition because there is no right to counsel in habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991) (no right to counsel beyond first criminal appeal as of right).

Mr. Hickmon has not demonstrated that extraordinary circumstances beyond his control prevented him from filing his federal habeas action during the four years following the affirmance of his conviction on direct appeal. "It is apparent that Mr. [Hickmon] simply did not know about the limitation in the AEDPA until it was too late." Miller, 141 F.3d at 978. Consequently, he is not entitled to equitable tolling.

Mr. Hickmon's argument that he could not seek federal habeas relief before 1999, when the Hogan case was announced is also unavailing. Hogan is not

applicable to Mr. Hickmon's circumstances because it concerned a capital murder case, not a noncapital case like his. Hogan, 197 F.3d at 1300. Because Mr. Hickmon is not entitled to relief under Hogan's holding, we need not address any procedural implications of applying the holding to this untimely habeas petition. Cf. Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir.) (declining to address complex procedural bar issues because case more easily decided on merits), cert. denied, 531 U.S. 982 (2000). Therefore, announcement of Hogan did not extend Mr. Hickmon's limitations period for filing a federal habeas petition.

We agree with the district court's conclusions that Mr. Hickmon's petition was untimely and that his pleadings, which we construe liberally pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972), provide no basis for equitable tolling. Accordingly, the district court's procedural ruling was correct, and we need not examine the underlying constitutional claims. Slack, 529 U.S. at 485.

After Mr. Hickmon filed his appellate brief, he submitted a "Motion for Leave to File Supplemental Ground," together with "Appellant's Supplemental Ground," in which he requests that the holding of Daniels v. United States, 254 F.3d 1180 (10th Cir. 2001), be applied to him. We construe the documents as a citation of supplemental authority, as authorized by Fed. R. App. P. 28(j), and grant the request. The case upon which Mr. Hickmon relies, however, is inapposite.

Petitioner's request to file a supplemental authority is granted. The application for issuance of a COA is denied. Appeal DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge