**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT JACK FOLDENAUR,

Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden, Oklahoma
Reformatory at Granite,

Respondent-Appellee.

No. 07-6155
(D.C. No. CIV-07-299-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Robert Jack Foldenaur was convicted of two counts of rape in Oklahoma

state court and was sentenced to life imprisonment on each count. Mr.

Foldenaur's attempts to challenge his conviction by direct appeal and through a

state petition for post-conviction relief proved unsuccessful. With the assistance

of counsel, Mr. Foldenaur now seeks relief in federal court by way of a 28 U.S.C.

§ 2254 habeas petition. The district court dismissed the petition as time-barred,

and Mr. Foldenaur filed a notice of appeal, which the district court construed as

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

an application for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b). The district court denied COA and, for substantially the same reasons set forth by the district court in dismissing the petition, we deny Mr. Foldenaur's renewed application for a COA in this court.

\* \* \*

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court has dismissed a habeas petition on procedural grounds, as it did here, a COA may be issued only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007). In this case, we have no doubt that the district court ruled correctly in dismissing Mr. Foldenaur's Section 2254 petition as time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Mr. Foldenaur had one year from the date on which his conviction became final to file his Section 2254 petition. *See* 28 U.S.C. § 2244(d)(1). Mr. Foldenaur failed to do so. The one-year limitation period under AEDPA begins to run either from the date on which the Supreme Court denies review of a petition

for writ of certiorari or the date on which the period for filing a writ of certiorari expires, which is ninety days after the entry of judgment in the state court of last resort. *See id.*; Sup. Ct. R. 13.1; *United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004). Mr. Foldenaur was convicted on July 31, 2003, and the Oklahoma Court of Criminal Appeals affirmed his conviction on October 7, 2004. Mr. Foldenaur did not seek review in the United States Supreme Court, and so the one-year AEDPA limitation period began running on January 5, 2005 – ninety days after the conviction was affirmed on appeal. On December 21, 2005 – just fifteen days before the one-year limitations period was to expire on January 5, 2006 – Mr. Foldenaur sought post-conviction relief in Oklahoma state court. Doing so tolled the one-year limitations period, pursuant to 28 U.S.C. § 2244(d)(2), until the state district court denied Mr. Foldenaur's petition and the Oklahoma Court of Criminal Appeals affirmed the denial, the latter occurring on May 25, 2006. Mr. Foldenaur then had fifteen days remaining before the one-year limitations period expired. He did not file his Section 2254 petition, however, until March 9, 2007 – approximately nine months too late.

Mr. Foldenaur does not deny any of this, but instead argues that the court should deem his petition timely under principles of equitable tolling. Specifically, Mr. Foldenaur argues that he is entitled to equitable tolling because the delay in filing his Section 2254 petition was a result of the time it took for his family to raise resources and hire counsel for Mr. Foldenaur and because he

presents a claim of actual innocence. We find no merit in either of these contentions.

We have held that the AEDPA period of limitation may be subject to equitable tolling only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Foldenaur's inability to raise the funds necessary to retain counsel, however, unfortunately cannot be described as "rare and exceptional." There is no right to counsel in habeas proceedings, *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991), and so a litigant's inability or difficulty in hiring an attorney for habeas purposes is insufficient to excuse the untimeliness of a habeas petition. *See, e.g.*, *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001).

As for Mr. Foldenaur's innocence claim, it is true that equitable tolling may be appropriate upon a showing of actual innocence. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). We note, however, that Mr. Foldenaur did not squarely argue for equitable tolling on actual innocence grounds at the district court, but instead cast his argument as one related to alleged ineffective assistance of counsel. Even were we free to consider his claim of actual innocence on appeal, *see Gibson*, 232 F.3d at 808 (refusing to reach one of petitioner's equitable tolling arguments because he did not raise it in the district court), we do not believe that Mr. Foldenaur has made a showing of actual innocence sufficient to justify equitable tolling. The actual innocence exception requires supporting "allegations

- 4 -

of constitutional error with new reliable evidence . . . that was not presented at trial" that is sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995); *see also Cummings v. Sirmons*, 506 F.3d 1211, 1223-24 (10th Cir. 2007). Mr. Foldenaur presents no such "new evidence, not presented at trial." Instead, his argument centers, as it did before the district court, on complaints about his trial counsel's performance – attacking, specifically, counsel's alleged failure to request certain legal instructions to the jury; his decision not to perform additional investigation that, Mr. Foldenaur asserts, might have yielded some (unspecified) new evidence; as well as his failure to object to the sufficiency of the evidence actually presented by the government or object to the admission of certain testimony. Such a collateral attack on what actually occurred at trial does not constitute "new evidence, not presented at trial," and we therefore are not in a position to excuse Mr. Foldenaur's untimeliness in filing his Section 2254 petition. *See Cummings*, 506 F.3d at 1224 ("[I]t [is] [in]sufficient for a petitioner to simply attack the evidence actually presented at his trial and claim that, absent the admission of such evidence, there was not enough evidence to convict him. Rather, . . . a petitioner must come forward with new evidence, the admission of which would have made it more likely than not that he would have been acquitted.").

* * *

Because we agree with the district court that Mr. Foldenaur's habeas petition is time-barred, his request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge