**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LUIS ROJAS-MARCELENO,

    Petitioner - Appellant,

v.

STATE OF KANSAS,

    Respondent - Appellee.

No. 19-3058
(D.C. No. 5:19-CV-03006-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Luis Rojas-Marceleño, a state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254

application for a writ of habeas corpus. The district court dismissed his application as

untimely. Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss

this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Rojas- Marceleño proceeds pro se, we construe his filings liberally but do not serve as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

# I.  INTRODUCTION

In 2009, Mr. Rojas-Marceleño was convicted of rape, three counts of aggravated criminal sodomy, and one count of aggravated indecent solicitation of a child.  The District Court of Lyon County, Kansas, sentenced him to two consecutive 25-year prison sentences and an additional consecutive 57-month sentence.  On September 21, 2012, the Kansas Supreme Court affirmed the convictions and sentences.  *State v. Rojas-Marceleno*, 285 P.3d 361, 378 (Kan. 2012).  Mr. Rojas-Marceleño did not petition the United States Supreme Court for a writ of certiorari.

On September 20, 2013, Mr. Rojas-Marceleño filed a state-court petition for post-conviction relief under Kansas Statutes Annotated § 60-1507.  Pet'r Br. at 2.  The district court denied the petition, and the Kansas Court of Appeals affirmed.  *See Rojas-Marceleno v. State*, 2017 WL 1196731, at *5 (Kan. App. Mar. 31, 2017).

On January 6, 2015, Mr. Rojas-Marceleño filed a notice of appeal with the Kansas Supreme Court.  But his attorney failed to file a docketing statement within the 60-day period required under Kansas Supreme Court Rule 2.04(a)(1)(A).  [ROA at 142.]  On January 26, 2016, his attorney moved to file the docketing statement out of time.  [*Id.*]  The Kansas Supreme Court granted the motion on February 8, 2016[, *id.*,] but later denied review on December 22, 2017[, *id.* at 143, 149-50].

On January 15, 2019, Mr. Rojas-Marceleño filed a § 2254 application in the United States District Court for the District of Kansas.[2]  [*Id.* at 1, 3-60.]  The district

---

[2] In his request for a COA, he says this was filed on January 16, 2019, but the date on the district court docket is January 15.  ROA at 1.

court ordered him to show cause why the one-year limitation period in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") did not bar his application. [*Id.* at 135.] Mr. Rojas-Marceleño responded that he missed his filing deadline because his attorney failed to timely file a docketing statement in the Kansas Supreme Court in his post-conviction review proceedings. [*Id.* at 145.] Because this error was "not the fault of the inmate," he urged that his "'2254 clock' should be 'equitably tolled' or halted, and the time deadline error . . . excused." ROA at 145.

On March 8, 2019, the district court dismissed the § 2254 application as untimely, found there were no grounds for equitable tolling, and denied a COA. [*Id.* at 151.] On March 19, 2019, Mr. Rojas-Marceleño moved for a COA and filed a notice of appeal. [*Id.* at 164]. The district court denied the COA on March 22, 2019. [*Id.* at 174.]

## II. DISCUSSION

### A. *Legal Background*

#### 1. **Certificate of Appealability**

To appeal from a denial of a habeas application, a prisoner must first obtain a COA. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). When, as here, the district court denied a habeas application on procedural grounds, a COA may issue only if the applicant demonstrates (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of [this] showing is part of a threshold inquiry." *Id.* at 485. Accordingly, if a

3

petitioner cannot make a showing on the procedural issue, we need not address the constitutional component. *See id*.

2. **Statute of Limitations and Equitable Tolling**

AEDPA imposes a one-year statute of limitations for filing a § 2254 application. 28 U.S.C. § 2244(d)(1). Generally, this limitation period begins on "the date on which the judgement [becomes] final by conclusion of direct review or the expiration of the time for seeking such review." *Id.* "[A] petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (quotations omitted).

The one-year limitation period is tolled—or paused—in "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (brackets and quotations omitted).

## B. *Analysis*

Reasonable jurists could not debate the district court's determination that Mr. Rojas-Marceleño's § 2254 petition was untimely. We agree the application is time-barred and equitable tolling is not warranted.

### 1. **Timeliness of Habeas Petition**

Mr. Rojas-Marceleño filed his § 2254 application long after AEDPA's one-year statute of limitations expired.

Mr. Rojas-Marceleño's conviction became final on December 20, 2012, when the 90-day window for seeking review in the United States Supreme Court ended. AEDPA's one-year limitation period began the following day. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) ("The statute [of limitations] d[oes] not start to run until . . . the day following the certiorari window.").[3] On September 20, 2013—approximately nine months into the limitation period—Mr. Rojas Marceleño filed for post-conviction relief in state court. This tolled his limitation period until December 22, 2017, when the Kansas Supreme Court declined to review the denial of his petition.[4] At that point, the

---

[3] Mr. Rojas- Marceleño argues his conviction was not final until January 14, 2013—90 days after the state court issued its mandate. [Pet'r Br. at 2.] But as the district court noted, the time for petitioning the United States Supreme Court for a writ of certiorari "runs from the date of entry of the judgment . . . , and not from the issuance date of the mandate." U.S. Sup. Ct. R. 13(3). Mr. Rojas- Marceleño's sentence thus became final on December 20, 2012—90 days after the state court's judgment.

[4] Mr. Rojas- Marceleño argues that the district court erroneously "overlook[ed] the period between [his attorney's] January 6, 2015 notice of appeal . . . and the Kansas Court of Appeal's [sic] acceptance of [his] docketing statement, 'out of time,' on February 8, 2016, over a year later." Pet'r Br. at 4. He also suggests that his attorney provided ineffective assistance of counsel by failing to file a timely docketing statement.

limitation period began to run again, leaving him approximately three months to file his § 2254 application.

Mr. Marceleño-Rojas filed his § 2254 application on January 19, 2019—more than one year after the limitations period began to run again and nine months after it expired. The application was indisputably filed outside the statute of limitations. Accordingly, Mr. Rojas-Marceleño has failed to demonstrate that "jurists of reason would find it debatable whether the district court was correct" in finding his petition time-barred. *Slack*, 529 U.S. at 484.

2. **Equitable Tolling**

Reasonable jurists also could not debate that the district court correctly rejected Mr. Rojas-Marceleño's argument for equitable tolling. He argues that his attorney's failure to file his docketing statement in the post-conviction proceedings "counts as an extraordinary circumstance that stood in [his] way to pursue [his] legal rights." ROA at 145. But the district court did not count counsel's delayed docketing statement against the limitations period. *See Rojas-Marceleno v. State of Kansas*, No. 5:19-cv-3006-SAC, at 4 (D. Kan. Mar. 8, 2019). His lawyer's failure to file the docketing statement therefore did not prevent Mr. Rojas-Marceleño from filing his appeal within the one-year period.

---

*Id.* at 5. But the district court did not count counsel's delay against Mr. Rojas-Marceleño's one-year limitation period. Rather, the court "view[e]d the limitation period as tolled from the time of petitioner's filing of [his post-conviction relief] action in September 2013 until the denial of review by the Kansas Supreme Court in December 2017." *Rojas-Marceleno v. State of Kansas*, No. 5:19-cv-3006-SAC, 2 (D. Kan. Mar. 8, 2019). Counsel's delay thus extended the statutory tolling period and had no impact on the district court's timeliness analysis.

Mr. Rojas-Marceleño also mentions his family's lack of money, his lack of legal knowledge, and his inability "to get the information [he] so required." Pet'r Br. at 3. But aside from these conclusory statements, he identifies no "specific facts to support his claim." *Yang*, 525 F.3d at 928. Moreover, a petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotations omitted)); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (unpublished) ("The inability to hire an attorney . . . will not excuse an untimely habeas petition because there is no right to counsel in habeas proceedings."). He thus fails to meet his "strong burden," *Yang*, 525 F.3d at 928, and cannot show that "extraordinary circumstance[s] stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.[5]

## III. **CONCLUSION**

Mr. Rojas-Marceleño filed his § 2254 application outside of the statute of limitations period and has not shown that extraordinary circumstances entitle him to equitable tolling. Reasonable jurists would not debate the district court's dismissal order.

---

[5] Mr. Rojas-Marceleño filed a supplemental brief on April 25, 2019, alleging various trial court errors, including failure to order a new trial, insufficient evidence for his convictions, and failure to issue a limiting jury instruction. He also argues ineffective assistance of counsel for, among other things, failure to investigate certain witnesses and failure to raise objections at trial. Finally, he argues cumulative error. [Docket No. 10643985.] These allegations mostly repeat the claims in Mr. Rojas-Marceleño's § 2254 application that were held in district court to be time-barred. His supplemental brief does not persuade us that he is entitled to a COA.

We therefore deny his request for a COA and dismiss the matter.  We also deny his motion to appoint counsel.

<div style="margin-left:50%">

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

</div>