**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAUL C. ZAPATA,

       Plaintiff - Appellant,

v.

KARI E. BRANDENBURG, Head of
District Attorney Office; ANN
DEMARAIS, Assistant District
Attorney; MAYOR MARTIN
CHAVEZ; CITY OF
ALBUQUERQUE; COUNTY OF
BERNALILLO; SANDY
BARNHART; Y. CHAVEZ, Attorney
at Law Contracted; CHIEF PUBLIC
DEFENDER JOHN BIGELOW FOR
CITY OF ALBUQUERQUE, NEW
MEXICO; COUNTY OF
BERNALILLO PUBLIC DEFENDER
OFFICE; JUANITA DURAN; TROY
W. PRICHARD, P.A.; DONNA
BEISMAN; MARIA ARREOLA;
MANUEAL ROJO; DE DEHERRIDA;
D. VASQUEZ; A. SANCHEZ; M.
WERLEY,

       Defendants - Appellees.

No. 08-2031
(D.C. No. CIV-07-519-RB-WPL)

(D. N.M)

---

RAUL C. ZAPATA,

       Plaintiff - Appellant,

v.

RONALD TORRES, Chief of
Corrections; RIEL WATSON,
Chaplain,

       Defendants - Appellees.

No. 08-2056
(D.C. No. CIV-06-1200-WJ-CG)

(D. N.M)

---

RAUL C. ZAPATA,

       Plaintiff - Appellant,

v.

ATTORNEY RAUL LOPEZ,

       Defendant - Appellee.

No. 08-2059
(D.C. No. CIV-06-1108-MCA-KBM)

(D. N.M)

---

RAUL C. ZAPATA,

       Plaintiff - Appellant,

v.

SUSAN PORTER, Attorney for the
State of New Mexico Public Defenders
Office; PUBLIC DEFENDERS
OFFICE,

       Defendants - Appellees.

No. 08-2064
(D.C. No. CIV-06-952-MCA-KBM)

(D. N.M)

- 2 -

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Raul Zapata is a prisoner in the state system in New Mexico. He has filed appeals in the four above-captioned matters that we have consolidated for decision. Because Mr. Zapata is proceeding *pro se*, we construe his filings liberally. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

1. *Zapata v. Brandenburg*, No. 07-CV-519, (D. N.M. Jan. 3, 2008). In this suit, Mr. Zapata brought a number of claims against a number of individuals involved in his state criminal proceedings. The district court dismissed each of the claims in this matter *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). It did so on two bases. First, the court concluded that most of the claims Mr. Zapata asserted would imply that his state criminal judgment was invalid, and thus were barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Second, it concluded that certain other of Mr. Zapata's claims were duplicative of claims contained in other suits filed by Mr. Zapata. We have

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reviewed the district court's disposition *de novo* and affirm for substantially the reasons given by that court.[1]

2. *Zapata v. Torres*, No. 06-CIV-1200 (D. N.M. Jan. 24, 2008). As a threshold matter, we must confront a question concerning our jurisdiction. In this case, Mr. Zapata did not file a formal notice of appeal, but did file a motion for leave to proceed on appeal without prepayment of the filing fees. Under our case law, other documents besides a formally denominated notice of appeal, may serve as its "functional equivalent," *Smith v. Barry*, 502 U.S. 244, 248 (1992), and we have previously held that a *pro se* motion to proceed *in forma pauperis* can serve as just such a functional equivalent when it evinces a clear intent to appeal, *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007). Mr. Zapata's motion to proceed without prepaying filing fees clearly evinces an intent to appeal and was filed in a timely basis. Accordingly, we conclude that we have jurisdiction to entertain his appeal.

Turning to the merits of this case, it is an action filed under 42 U.S.C. § 1983 against officials in the New Mexico state detention center in which Mr. Zapata contends that his right to the free exercise of his religion was infringed. Specifically, Mr. Zapata alleges that he was confined to his room for periods of time and ultimately removed from a faith-based program because he refused to

---

[1] In conjunction with this case, Mr. Zapata has filed a document entitled, "Motion of New Evidence." Even though this document is captioned as a motion, it merely directs us to supplementary legal authority.

- 4 -

convert to a different religious faith. The defendants responded to this suit in district court with a summary judgment motion, supported by affidavits indicating that the treatment of which Mr. Zapata complained resulted not from his alleged refusal to convert, but because he was combative and threatening toward other inmates and staff. Aple. Appx. at 41, 50, 51, 61-63.

The magistrate judge assigned to the case recommended dismissal on two bases: first, Mr. Zapata had failed to show a policy of either the prison or the faith-based program that substantially burdened his religious beliefs; second, even if Mr. Zapata could establish such a burden, any restrictions placed on him were reasonably related to ensuring the safety of inmates and staff – a legitimate penological interest. The district court adopted the magistrate judge's recommendation in full. On appeal, Mr. Zapata does not address the merits of this case at all, but has submitted the same brief he filed in the *Brandenburg* case, which has no bearing on his asserted free exercise claim in this case. In view of Mr. Zapata's *pro se* status, we have nonetheless reviewed the matter with care and are able to discern no errors in the district court's disposition.

3-4. *Zapata v. Lopez*, No. 06-CV-1108 (D. N.M. Feb. 11, 2008) and *Zapata v. Porter*, No. 06-CV-952 (D. N.M. Feb. 11, 2008). These matters are not new to this court. We previously affirmed the district court's dismissal of both complaints in *Zapata v. Public Defender's Office*, No. 06-2334, 2007 WL 3104864 (10th Cir. Oct. 24, 2007) (unpublished). They have returned to us via

Mr. Zapata's unsuccessful motion in the district court for a relief from judgment and subsequent appeal.

The district court was correct to deny relief. As that court noted, after the court of appeals has adjudicated an appeal and the mandate has issued, a district court generally may not amend the judgment "beyond the ministerial dictates of the mandate." *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir. 1992). This court affirmed the judgments of the district court and issued no ministerial dictates in its mandate. Accordingly, the district court was without authority to grant relief.

***

The district court's dismissal in each of these cases was appropriate and we affirm them. Because none of Mr. Zapata's four appeals present non-frivolous arguments, we deny his request for *in forma pauperis* status, remind him that he is responsible for paying the applicable filing fees, and assess four "strikes" against him pursuant to 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge