**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

FRANCISCO R. VILLARREAL,

      Defendant-Appellant.

No. 09-3096
(D.C. Nos. 5:06-CV-03260-WEB and
6:04-CR-10236-WEB-2)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Francisco R. Villarreal, a federal prisoner appearing <u>pro se</u>, appeals the district

court's denial of his motion to vacate, set aside or correct his sentence under 28 U.S.C. §

2255. The district court denied a certificate of appealability (COA), but granted

Appellant's motion to proceed <u>in forma pauperis</u> on this appeal. Appellant, who pled

guilty to federal drug and firearms charges, now seeks a COA from this court, arguing

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that he was provided ineffective assistance of counsel by his trial counsel, and that the government breached the plea agreement.

## I.  Appellate Jurisdiction

Before considering whether to grant Appellant a COA, we must determine whether his appeal was timely filed.  On May 31, 2007, the district court denied Appellant's § 2255 motion and declined to issue a COA.  Appellant did not file a notice of appeal until April 3, 2009.  This notice was not filed within sixty days of the date the court entered judgment, which ordinarily means the appeal is not timely.  See United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993); see also Fed. R. App. P. 4(a)(1)(B).

Appellant did file a motion for leave to proceed in forma pauperis on June 19, 2007, however, and that date is within sixty days of the district court's denial of his § 2255 motion.  The district court recognized that by filing that motion, Appellant "seeks to appeal the court's order denying him relief of his 28 U.S.C. § 2255 petition."  We therefore have jurisdiction over this appeal if Appellant's motion to proceed in forma pauperis constitutes a notice of appeal.  See Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007) (construing a motion to proceed in forma pauperis as a notice of appeal); see also Zapata v. Brandenburg, 291 F. App'x 150, 152 (10th Cir. 2008) (unpublished) (same).

Rule 3(c) requires a notice of appeal to contain the name of the party taking the appeal, the judgment being appealed, and "the court to which the appeal is taken."  Fed. R. App. P. 3(c).  Mr. Villarreal's motion to proceed in forma pauperis complies with just

one of these requirements: it names the party taking the appeal. Failure to comply with the other two elements is not necessarily fatal, however. See Smith v. Barry, 502 U.S. 244, 248 (1992) (stating that courts "liberally construe" documents that may constitute a notice of appeal); see also Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form . . . ."). Indeed, a "failure to expressly specify the judgment appealed from or the appellate court" does not bar an appeal; "'where no doubt exists as to either, Rule 3 buttressed by latitude for a pro se litigant forgives these informalit[ies] of form.'" Hill v. Corr. Corp. of Am., Inc., 189 F. App'x 693, 696 (10th Cir. 2006) (unpublished) (quoting Campiti v. Matesanz, 333 F.3d 317, 320 (1st Cir. 2003)) (internal quotation omitted).

A notice of appeal that fails to identify the proper order being appealed may nevertheless satisfy Rule 3(c) "if the petitioner's intent can be fairly inferred from the petition or documents filed more or less contemporaneously with it." Smith v. United States, 561 F.3d 1090, 1097 (10th Cir. 2009) (quoting Indep. Petroleum Ass'n of America v. Babbitt, 235 F.3d 588, 593 (D.C. Cir. 2001)). In Independent Petroleum Association of America, the notice of appeal claimed to appeal only the denial of a motion pursuant to Federal Rule of Civil Procedure 59. 235 F.3d at 593. The Independent Petroleum court nevertheless construed the notice of appeal as actually appealing the dismissal of the plaintiff's complaint because all the arguments the plaintiff made on appeal concerned that dismissal. Id. Here, there was only one substantive order that Mr. Villarreal could have been appealing: the denial of his § 2255 motion. The

3

district court made this inference when it considered Appellant's motion to proceed in forma pauperis and stated that Appellant "seeks to appeal the court's order denying him relief of his 28 U.S.C. § 2255 petition." We thus conclude that it was "fairly infer[able]" that Appellant sought to appeal the denial of his § 2255 petition when he filed his in forma pauperis motion.

Similarly, failure to identify this court in his in forma pauperis motion is not fatal to our jurisdiction.

> Lest we become a citadel of technicality . . . "a defective notice of appeal should not warrant dismissal for want of jurisdiction where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee."

United States v. Treto-Haro, 287 F.3d 1000, 1002 n.1 (10th Cir. 2002) (quoting Graves v. Gen. Ins. Corp., 381 F.2d 517, 519 (10th Cir. 1967)). In Treto-Haro, we excused the government's failure to identify this court in its notice of appeal because "the United States Court of Appeals for the Tenth Circuit is the only Court to which the Government may take this appeal," and so the error "did not prejudice or mislead" the defendant. Treto-Haro, 287 F.3d at 1002 n.1. Similarly, Mr. Villarreal's sole avenue for appeal of the denial of his § 2255 motion is to this court, and so it could be "reasonably inferred" that his appeal was to this court. Id. Given that the appeal must come to this court, the government could not have been prejudiced by his failure to refer explicitly to this court in his motion to proceed in forma pauperis. Therefore, we conclude that Mr. Villarreal's motion to proceed in forma pauperis "evince[d] a clear intent to appeal" and so we have

4

jurisdiction over his appeal.  Zapata, 291 F. App'x at 152.

## II.    Certificate of Appealability

Before we can address the merits of Mr. Villarreal's appeal, we must determine whether to grant a COA.  28 U.S.C. § 2253(c)(1)(B).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  In order to make such a "substantial showing," Mr. Villarreal must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation omitted).

On appeal, Mr. Villarreal argues that the government breached the plea agreement by failing to ask the district court for a downward departure based on the substantial assistance he rendered.[1]  See U.S. Sentencing Guidelines Manual § 5K1.1.  The district court did not directly address Appellant's claim that the government breached the plea agreement.  Nevertheless, we deny COA on this claim for the reasons stated below.

Mr. Villarreal also argues that his trial counsel provided ineffective assistance by

---

[1]    Appellant raises these issues in three separate documents: the untimely notice of appeal filed in the district court on April 3, 2009 (which he labeled a "Certificate of Appealability"); his application for a COA filed in this court on June 23, 2009; and his accompanying brief, also filed on June 23, 2009.  Although he does not raise all of these arguments in each of the documents, because Mr. Villarreal is proceeding pro se, we construe his filings liberally and address each argument.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

failing to prepare for trial, failing to inform the district court correctly as to the applicable mandatory minimum and maximum sentences, by misleading Mr. Villarreal into believing that he would receive a downward departure based on his substantial assistance, and by failing to inform him of his right to appeal. Failing to see any ground on which "reasonable jurists" could disagree, we also deny Mr. Villarreal a COA for this claim.

## III. Breach of the Plea Agreement

The district court denied Appellant's claims on the ground that he signed, as part of the plea agreement, a written waiver of his right to attack collaterally his conviction and sentence. The waiver stated that Appellant

> knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence. . . . [Appellant] also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or [the] manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 . . . . [2]

(Footnote added.) The district court concluded that the waiver was knowing and voluntary, encompassed his § 2255 motion, and that enforcement of the plea did not constitute a miscarriage of justice. United States v. Villarreal, No. 06-3260-WEB, 2007

---

[2]     Although the record does not contain a copy of the plea agreement, it is available on the District of Kansas's electronic case filing system and we take judicial notice of it. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting that "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

WL 1579957, at *3 (D. Kan. May 31, 2007) (unpublished) (citing United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

Before considering whether the appellate waiver was enforceable, however, the district court should have considered Appellant's argument that the government breached the plea agreement "[b]ecause an appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement." United States v. Trujillo, 537 F.3d 1195, 1200 (10th Cir. 2008) (quoting United States v. Rodriguez-Rivera, 518 F.3d 1208, 1212 (10th Cir. 2008)); see also United States v. Young, 206 F. App'x 779, 782-83 (10th Cir. 2006) (unpublished) ("We now join our sister circuits in holding that a defendant's waiver of the right to appeal or collaterally attack his sentence does not preclude an appellate argument that the government breached the plea accord."). Mr. Villarreal claims that the government breached the plea agreement by failing to ask the district court for a downward departure based on the substantial assistance Mr. Villarreal believes he provided to the government. The district court failed to address this claim at all, possibly believing it to be a challenge to Mr. Villarreal's sentence, which would be precluded by the terms of the appellate waiver. Whatever the court's basis for not directly addressing the breach issue, our precedent establishes that the government's compliance with a plea agreement is a condition precedent to the enforcement of an appellate waiver. See Trujillo, 537 F.3d at 1200. Accordingly, we must first consider whether the government breached the agreement before determining the applicability of the waiver provision. See Rodriguez-Rivera, 518 F.3d at 1214 ("Because the

7

Government did not breach the plea agreement, we now consider whether the appellate-waiver provision bars [the] appeal.").

Typically, a claim that the government breached the plea agreement must be brought on direct appeal rather than collateral review. See United States v. Walling, 982 F.2d 447, 448-49 (10th Cir. 1992) (citing United States v. Khan, 835 F.2d 749, 753 (10th Cir. 1987)). Mr. Villarreal's failure to argue that the government breached the agreement on direct appeal thus bars our review of this claim "unless he can show cause and resulting prejudice." Id. at 449. Mr. Villarreal alleged in his April 3 filing that his counsel failed to inform him of his right to appeal. We need not determine whether Mr. Villarreal's allegation of ineffective assistance constitutes cause for his failure to bring a direct appeal, however, because he has failed to establish prejudice.

The plea agreement states, in pertinent part:

The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and [18 U.S.C. § 3553]. Upon the determination by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines . . . .

The promise to file a substantial assistance motion is thus clearly made contingent "[u]pon the determination of the United States" that Mr. Villarreal provided substantial assistance. While Mr. Villarreal alleged several ways in which he provided assistance to the government—including information tracing the importation of drugs from Mexico to Kansas, the location of the main distributor, and agreeing to have his wife participate in a

8

drug transaction—he has not alleged that the government ever made the determination that he had provided substantial assistance.

We have previously held that the government does not breach a plea agreement by failing to move for a downward departure if the plea agreement leaves the decision to the sole discretion of the prosecutor and the prosecutor is not motivated by an unconstitutional motive. See, e.g., United States v. Domingueez-Beltran, 184 F. App'x 799, 803 (10th Cir. 2006) (unpublished); see also Wade v. United States, 504 U.S. 181, 186 (1992) ("It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing."). Here, while the plea agreement imposes a mandatory obligation on the government to request a downward departure, the request is only mandatory if the government, in its discretion, determines that Mr. Villarreal did in fact provide substantial assistance. In United States v. Kirsch, 201 F.3d 449, 1999 WL 1188815 (10th Cir. 1999) (unpublished table decision), we addressed a similar plea agreement, which required the filing of a motion for a downward departure only after the government exercised its discretion in determining that such substantial assistance had been provided. In light of the discretion given to the government, we held that our review was limited to determining whether the government acted with an unconstitutional motive in failing to move for a downward departure. Id. at *2. Mr. Villarreal has not argued that the government was motivated by an unconstitutional consideration, or that the government did in fact determine that he had provided substantial assistance. We therefore decline to

consider Mr. Villarreal's argument that the government breached the plea agreement because he has not shown that he will suffer any prejudice from our failure to do so.

## IV.   Ineffective Assistance of Counsel

### A.   Implicating the Plea Agreement

Because we reject Mr. Villarreal's claim that the government breached the plea agreement, we turn to whether the waiver of collateral review in the plea agreement is enforceable to preclude Mr. Villarreal's ineffective assistance of counsel claims. Waivers of one's right to appeal or collaterally challenge one's sentence are generally enforceable if they are made knowingly and voluntarily and do not result in a miscarriage of justice. See Hahn, 359 F.3d at 1324-25. However, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). Mr. Villarreal claims on appeal that his counsel misled him "in believing he would receive a downward departure for his substantial assistance with the Government during sentencing." While he provides little discussion of this claim, a liberal construction of the claim may implicate the validity of the plea itself: if counsel's misrepresentations about the likelihood of a downward departure led him to plead guilty under the erroneous belief that he would receive a lighter sentence, then his ineffective assistance claim would directly challenge the validity of the plea itself.

10

Even affording him such a liberal construction, however, the claim still fails because Mr. Villarreal did not raise it below. In the district court, Mr. Villarreal claimed that his counsel was ineffective for failing to argue during sentencing that he was entitled to a substantial assistance downward departure. He also claimed that his counsel informed him during the sentencing hearing that Appellant would receive a downward departure after sentencing rather than during sentencing. But he does not claim anywhere in his forty-one page petition that his counsel led him to believe, at the time he signed the agreement, that he would receive a downward departure. Even liberally construing his pleadings, we conclude that Mr. Villarreal did not raise this claim in the district court, and we therefore do not consider it now on appeal. See Miller v. Champion, 262 F.3d 1066, 1070 n.2 (10th Cir. 2001) (holding that, where "even a liberal reading of [defendant's] original pro se habeas petition does not raise" certain issues, "these issues were not properly before the district court, and we do not consider them on appeal").

B.      Remaining Ineffective Assistance Claims

The rest of Mr. Villarreal's ineffective-assistance claims—that counsel did not adequately prepare for trial, that counsel failed to inform the court of the applicable mandatory minimum and maximum sentences, and counsel failed to inform him of his right to appeal—fall within the parameters of the waiver provision because they do not "challeng[e] the validity of the plea or the waiver." Cockerham, 237 F.3d at 1187. We agree with the district court that the waiver applies here to preclude the remaining claims. A waiver of the right to appeal or the right to obtain collateral review is enforceable if the

11

appeal is within the scope of the waiver, the defendant knowingly and voluntarily agrees to the waiver, and enforcement of the waiver does not constitute a miscarriage of justice. See Hahn, 359 F.3d at 1325. Mr. Villarreal's collateral challenge is within the scope of the waiver, which explicitly bars "motion[s] brought under Title 28, U.S.C. § 2255." In addition, the district court found that Appellant acknowledged, both in the plea agreement itself and during the Rule 11 plea colloquy, that he entered into the agreement knowingly and voluntarily. Villarreal, 2007 WL 1579957, at *3; see also Hahn, 359 F.3d at 1325 (stating that courts look to the language of the plea agreement and the adequacy of the Rule 11 colloquy to determine whether the waiver was knowing and voluntary). Finally, Mr. Villarreal has neither alleged nor established that enforcement of the waiver constitutes a miscarriage of justice. See Hahn, 359 F.3d at 1327 (holding that a miscarriage of justice occurs only "(1) where the district court relied on an impermissible factor, such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful.") (quoting United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)). Mr. Villarreal's remaining ineffective assistance of counsel claims are thus barred by the waiver provision of his plea agreement.

**V.      Conclusion**

We therefore Deny a COA on Appellant's claims and DISMISS the appeal.


                              ENTERED FOR THE COURT


                              David M. Ebel
                              Circuit Judge