**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES ARTHUR FAIRCLOTH,

　　Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director of
CDOC; JOHN CHAPDELAINE, Warden
of Sterling Corr. Fac.; CYNTHIA
COFFMAN, Attorney General of the
State of Colorado,

　　Respondents - Appellees.

No. 17-1078
(D.C. Nos. 1:16-CV-02367-LTB
and 1:16-CV-02368-LTB)
(D. Colo.)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

---

　　James Arthur Faircloth, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denials of his

Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Faircloth is appearing pro se, we liberally construe his pleadings. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Nonetheless, a pro se litigant must comply with fundamental procedural rules, *id.*, and our "rule of liberal construction stops . . . at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

("§ 2254 motion") and subsequent Motion to Alter or Amend Judgment in Habeas Corpus 28 U.S.C. § 2254 Case Pursuant to Federal Rule of Civil Procedure 59(e) ("motion to amend"). Mr. Faircloth also requests leave to proceed in forma pauperis. Because we conclude that no reasonable jurist could debate whether the district court was correct in its determinations, we deny Mr. Faircloth's requests for a COA and to proceed in forma pauperis, and dismiss this appeal in its entirety.

## I. BACKGROUND

After being charged with numerous felonies in two separate criminal cases before the Arapahoe County District Court, Mr. Faircloth entered into a plea agreement resolving both cases on May 28, 2009. As part of the plea agreement, Mr. Faircloth pled guilty to identity theft in *People v. Faircloth*, No. 08CR329 (Arapahoe Cty. Dist. Ct. Feb. 7, 2008), and to aggravated motor vehicle theft in *People v. Faircloth*, No. 08CR1222 (Arapahoe Cty. Dist. Ct. May 23, 2008). He also agreed to serve, and was sentenced to, consecutive eight-year prison sentences. Mr. Faircloth did not directly appeal these convictions or sentences, but on June 2, 2009, he filed a letter with the Arapahoe County District Court requesting to withdraw his guilty plea, which the county district court denied on June 8, 2009. Thereafter, between 2009 and 2012, Mr. Faircloth filed a number of requests with the Arapahoe County District Court for various documents, including bond information and copies of the plea agreement, transcripts, the docket, and other court records.

Nearly three years after signing the plea agreement and receiving his sentences, on May 24, 2012, Mr. Faircloth filed petitions in both criminal cases for post-conviction

relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. In his petitions, Mr. Faircloth raised a number of grounds for relief, including: (1) law enforcement lacked probable cause to arrest him; (2) law enforcement failed to advise him of his *Miranda* rights; (3) law enforcement searched him illegally; (4) the county district court lacked jurisdiction over his cases; (5) issues with his plea agreement and sentencing; and (6) ineffective assistance of trial counsel. Without holding an evidentiary hearing, the Arapahoe County District Court denied Mr. Faircloth's Rule 35(c) motions on July 17, 2012. Mr. Faircloth appealed and, after the cases were consolidated on appeal, the Colorado Court of Appeals affirmed the county district court's decision on December 18, 2014. The Colorado Supreme Court subsequently denied Mr. Faircloth's petition for writ of certiorari with respect to the post-conviction proceedings on September 14, 2015.

On February 26, 2016, Mr. Faircloth filed corresponding petitions for writ of habeas corpus in both of the aforementioned criminal cases. The Arapahoe County District Court construed these petitions as post-conviction relief motions made pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and dismissed all of Mr. Faircloth's claims as meritless, waived, or untimely. Mr. Faircloth appealed the county district court's decision, and that appeal is currently pending before the Colorado Court of Appeals.

On September 19, 2016, Mr. Faircloth initiated this federal habeas corpus action by filing two separate applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In *Faircloth v. Raemisch*, No. 16-cv-02367-GPG (D. Colo. Sept. 19, 2016),

3

Mr. Faircloth challenged his criminal conviction and sentence for identity theft in *People v. Faircloth*, No. 08CR329 (Arapahoe Cty. Dist. Ct. Feb. 7, 2008); and in *Faircloth v. Raemisch*, No. 16-cv-02368-GPG (D. Colo. Sept. 19, 2016), he challenged his criminal conviction and sentence for aggravated motor vehicle theft in *People v. Faircloth*, No. 08CR1222 (Arapahoe Cty. Dist. Ct. May 23, 2008). Mr. Faircloth filed an amended § 2254 motion in Case No. 16-cv-02367 on September 27, 2016, and shortly thereafter, on October 11, 2016, the federal district court granted Mr. Faircloth's motion to consolidate the cases, ordering that Case No. 16-cv-02368-GPG be closed and Case No. 16-cv-02367-GPG become the operative habeas corpus action challenging both criminal convictions and sentences arising from the Arapahoe County District Court.

In the operative amended § 2254 motion, Mr. Faircloth raised the following seven grounds for habeas relief:

1. "Conviction obtained by use of an unlawful arrest (where the state has not provided a full & fair hearing on the merits of the 4th amendment claim)";

2. "Conviction obtained by the unconstitutional violation of the privilege against self[-]incrimination & coerced confession to evidence gained pursuant to an unconstitutional search & seizure (where the state has not provided a full & fair hearing on the merits of the 4th amendment claim)";

3. "Conviction obtained by insufficient information and outrageous governmental conduct implicating the court in obtaining a void arrest warrant";

4. "Prosecutorial [m]isconduct of charging a variance in the Complaint/Information Instrument";

5. "Denial of effective assistance of counsel & failure to appoint counsel at post[-]conviction hearing";

4

6. "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea"; and

7. "The terms of the Plea deal and sentencing as petitioner understand [sic] it is satisfied and petitioner is passed [sic] his maximum control date in worst case scenario."

The United States District Court for the District of Colorado denied Mr. Faircloth's § 2254 motion in its entirety, concluding it was untimely because the one-year limitation period for filing federal post-conviction relief motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired on July 25, 2010, making Mr. Faircloth's § 2254 motion late by more than six years. In reaching this determination, the district court determined that the one-year limitation period for Mr. Faircloth to file his § 2254 motion was not subject to any statutory or equitable tolling that would render his § 2254 motion timely. Additionally, the district court denied Mr. Faircloth a COA and leave to proceed on appeal in forma pauperis.

In response to the district court's denial of his § 2254 motion, on January 17, 2017, Mr. Faircloth filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). In his motion, and throughout his brief in support of the motion, Mr. Faircloth reasserted many of the arguments he raised in his § 2254 motion, as well as the argument raised in his state post-conviction proceedings that the Arapahoe County District Court lacked jurisdiction over his criminal cases. Mr. Faircloth also argued that the federal district court erred in rejecting his argument that the one-year limitation period for filing federal habeas corpus petitions under AEDPA should be equitably tolled, as his attorney had provided him incorrect advice regarding the deadline

5

for filing such petitions. However, two days later, on January 19, 2017, the district court denied Mr. Faircloth's motion to amend. In doing so, the district court held that Mr. Faircloth had failed to demonstrate sufficient grounds for reconsidering its denial of his § 2254 motion, as it "is undisputed that the [§ 2254 motion] was filed out of time by more than six years" and that under "applicable law . . . equitable tolling was not warranted." Moreover, the district court determined that Mr. Faircloth's contention regarding the state court's jurisdiction is not a cognizable claim under § 2254.

Next, Mr. Faircloth filed a motion with the federal district court on February 6, 2017, to proceed on appeal in forma pauperis. Shortly thereafter, the district court denied Mr. Faircloth's motion, noting it had previously denied him leave to proceed in forma pauperis and that it would not grant leave now as it "finds that this appeal is not taken in good faith because [Mr. Faircloth] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Mr. Faircloth then filed a misdirected notice of appeal with this court on February 27, 2017, which was transmitted to the federal district court that same day. On March 2, 2017, we issued an order directing Mr. Faircloth to show cause as to why his appeal should not be dismissed for lack of appellate jurisdiction, and on March 13, 2017, Mr. Faircloth filed his response. This court issued an order reserving the issue of jurisdiction for plenary consideration, and on April 26, 2017, Mr. Faircloth simultaneously filed an opening brief and application for a COA and a motion for leave to proceed on appeal in forma pauperis.

## II.   DISCUSSION

### A.  *Jurisdiction*

Before considering whether to grant Mr. Faircloth a COA, we must first determine whether his appeal was timely filed, as the filing of a timely notice of appeal is both mandatory and jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); Fed. R. App. P. 3(a). Here, Mr. Faircloth was required to file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *see also Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008) (applying Federal Rule of Appellate Procedure 4(a) to a § 2254 appeal). Because Mr. Faircloth filed a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e), which the district court subsequently denied on January 19, 2017, his thirty-day window to file a notice of appeal expired on February 21, 2017. *See* Fed. R. App. P. 4(a)(4)(A)(iv); *id.* at 26(a). Mr. Faircloth did not file a notice of appeal within this period, which would ordinarily render his appeal untimely and subject to dismissal.[2]

But Mr. Faircloth did file a motion to proceed on appeal in forma pauperis on February 6, 2017, which falls within Rule 4(a)'s time restrictions. Therefore, we have jurisdiction over this appeal if Mr. Faircloth's motion to proceed in forma pauperis may be construed as a notice of appeal. *See United States v. Villarreal*, 351 F. App'x 332, 333–34 (10th Cir. 2009) (unpublished) (construing a motion to proceed in forma pauperis

---

[2] Mr. Faircloth filed a notice of appeal six days late, on February 27, 2017. And even if we were to deem his notice of appeal as filed on the date it was given to prison officials for mailing pursuant to Federal Rule of Appellate Procedure 4(c)(1), it would remain untimely as the record indicates it was not given to prison officials until February 22, 2017.

7

as a notice of appeal); *Zapata v. Brandenburg*, 291 F. App'x 150, 152 (10th Cir. 2008) (unpublished) (construing a motion to proceed in forma pauperis as a notice of appeal and noting that "we have previously held that a *pro se* motion to proceed *in forma pauperis* can serve as [the] functional equivalent [of a notice of appeal] when it evinces a clear intent to appeal"); *Fleming v. Evans*, 481 F.3d 1249, 1253–54 (10th Cir. 2007) (construing a combined motion to proceed in forma pauperis and application for a certificate of appealability as a notice of appeal). In determining whether such construal is appropriate, we examine whether the motion to proceed in forma pauperis meets the requirements set forth in Federal Rule of Appellate Procedure 3(c), which indicates that a notice of appeal must contain the name of the parties taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is taken. Fed. R. App. P. 3(c). However, we "liberally construe the requirements of Rule 3" and thus, "when papers are 'technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" *Smith v. Barry*, 502 U.S. 244, 248 (1992) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988)); *see also Zapata*, 291 F. App'x at 152 (noting that "[u]nder our case law, other documents besides a formally denominated notice of appeal, may serve as its 'functional equivalent'" (quoting *Barry*, 502 U.S. at 248)). As a result, "the notice afforded by a document . . . determines the document's sufficiency as a notice of appeal," *Barry*, 502 U.S. at 248, and "'mere technicalities' should not stand in the way of consideration of a case on its merits," *Torres*, 487 U.S. at 316; *see also* Fed. R. App. P. 3(c)(4) (cautioning

8

against dismissing an appeal "for informality of form"). But "[t]his principle of liberal construction does not . . . excuse noncompliance with" Rule 3, as the Rule's "dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Barry*, 502 U.S. at 248.

Mr. Faircloth's motion to proceed in forma pauperis complies with just one of Rule 3's requirements: it names the party taking the appeal. However, "[f]ailure to comply with the other two elements is not necessarily fatal," as "failure to expressly specify the judgment appealed from or the appellate court [to which the appeal is taken] does not bar an appeal . . . where no doubt exists as to either." *Villarreal*, 351 F. App'x at 333 (internal quotation marks omitted). In particular, "[a] notice of appeal that fails to identify the proper order being appealed may nevertheless satisfy Rule 3(c) if the petitioner's intent can be fairly inferred from the petition or documents filed more or less contemporaneously with it." *Id.* (internal quotation marks omitted). Here, there were only two substantive orders that Mr. Faircloth could have been appealing—the denials of his § 2254 motion and his Rule 59(e) motion to amend—and, based on the information contained in documents he subsequently filed, we conclude it is "fairly inferable" that Mr. Faircloth sought to appeal both substantive orders. *See id.* at 334 (concluding it was fairly inferable from petitioner's motion to proceed in forma pauperis that he sought to appeal the denial of his 28 U.S.C. § 2255 petition); *United States v. Morales*, 108 F.3d 1213, 1222–23 (10th Cir. 1997) (noting that "the supporting papers filed in connection with the [G]overnment's [deficient] notice of appeal" manifest the Government's intent to appeal the sentence imposed on the defendant, and therefore the Government's

9

"incomplete compliance with [Rule 3(c)] should not result in the loss of an intended appeal on the merits" because the notice of appeal's deficiencies did not mislead or prejudice the petitioner (internal quotation marks omitted)); *Cooper v. Am Auto. Ins. Co.*, 978 F.2d 602, 607–09 (10th Cir. 1992) (concluding the "original notice of appeal[,] . . . together with the supporting papers and particular circumstances surrounding it," demonstrate the plaintiff's intent to appeal the dismissal of its claims against the United States, and therefore "[t]he [G]overnment was not misled and will not be prejudiced by the inclusion of the issue of the dismissal of the claims against it").

Similarly, Mr. Faircloth's failure to identify this court in his motion to proceed in forma pauperis is not fatal to our jurisdiction. As we have previously noted, to avoid "becom[ing] a citadel of technicality . . . 'a defective notice of appeal should not warrant dismissal for want of jurisdiction where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee.'" *United States v. Treto-Haro*, 287 F.3d 1000, 1002 n.1 (10th Cir. 2002) (quoting *Graves v. Gen. Ins. Corp.*, 381 F.2d 517, 519 (10th Cir. 1967)). Here, Mr. Faircloth's sole avenue to appeal the denials of his § 2254 motion and motion to amend is through this court, and as a result it may be reasonably inferred that his appeal was taken to this court. *See Villarreal*, 351 F. App'x at 334. And "[g]iven that [Mr. Faircloth's] appeal must come to this court, the government could not have been prejudiced by his failure to refer explicitly to this court in his motion to proceed *in forma pauperis*." *Id.*

Although Mr. Faircloth's motion to proceed in forma pauperis failed to explicitly identify the orders he sought to appeal and the court to which he brought the appeal, our liberal construction of Rule 3, buttressed by the latitude afforded pro se litigants, forgives these informalities of form. *See Hill v. Corr. Corp. of Am., Inc.*, 189 F. App'x 693, 696–97 (10th Cir. 2006) (unpublished); *Campiti v. Matesanz*, 333 F.3d 317, 320 (1st Cir. 2003). We therefore conclude that Mr. Faircloth's motion to proceed in forma pauperis evinced a clear intent to appeal and, with its supporting documents, provided sufficient information to satisfy Rule 3(c) and avoid misleading or prejudicing the Government. As a result, Mr. Faircloth's motion to proceed in forma pauperis is properly construed as a notice of appeal, and we have appellate jurisdiction to consider his request for a COA.

## B. *Certificate of Appealability*

To appeal the district court's order and judgment denying him relief under § 2254, and its subsequent order denying his motion to alter or amend that judgment, Mr. Faircloth must first obtain a COA.[3] The standards for obtaining a COA are the same regardless of whether the applicant is a state or federal prisoner: a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In instances where the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claims, the Supreme Court has held that a petitioner must satisfy a two-part standard to obtain a COA. This standard requires Mr. Faircloth to show "that jurists of reason would find it debatable

---

[3] "A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

11

whether [his] petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Mr. Faircloth must satisfy both factors, as "[e]ach component . . . is part of a threshold inquiry." *Slack*, 529 U.S. at 485.

Rather than address the threshold requirements in order, we may first "resolve the issue whose answer is more apparent from the record and arguments," though because we ordinarily "will not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed of," we generally resolve procedural issues first. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the [claims], a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484; *see also Coppage*, 534 F.3d at 1281. However, if we conclude that reasonable jurists could debate the district court's resolution of the procedural issues, we must then consider whether Mr. Faircloth's claims state valid constitutional claims. In doing so, we "simply take a quick look at the face of the [petition] to determine whether [Mr. Faircloth] has facially alleged the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks omitted). In making such a determination, we are limited to "an overview of the claims in the habeas petition and a general assessment of their merits," rather than "full consideration of the factual or legal bases adduced in support of

12

the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("When a court of appeals sidesteps the COA process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." (alteration in original) (quoting *Miller-El*, 537 U.S. at 336–37)).

After careful consideration of the district court's orders and the record on appeal, we conclude that Mr. Faircloth is not entitled to a COA as to the district court's denials of his § 2254 motion and motion to amend because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition [and motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Accordingly, we deny Mr. Faircloth's request for a COA and dismiss his appeal for the reasons set forth below.

### 1. AEDPA's One-Year Filing Limitation and Statutory Tolling

Under AEDPA, prisoners have a one-year time limit for filing a federal habeas petition challenging a state conviction or sentence. 28 U.S.C. § 2244(d). This one-year period commences from the latest of "when (A) direct appellate review ends, (B) any state-created impediment to filing [the § 2254 motion] is lifted, (C) a retroactive constitutional right is first recognized, or (D) the [factual] basis for the claim was reasonably discoverable [through due diligence]." *Sherratt v. Friel*, 275 F. App'x 763, 765 (10th Cir. 2008); *see also* 28 U.S.C. § 2244(d)(1)(A)–(D). However, this one-year limitation period is tolled during "[t]he time which a properly filed application for State

13

post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), and, "[b]ecause AEDPA's one-year statute of limitations for § 2254 petitions is nonjurisdictional, it is [also] subject to equitable tolling in certain rare and exceptional circumstances." *Sherratt*, 275 F. App'x at 767 (internal quotation marks omitted).

In a thorough and cogent order, the district court determined that, absent tolling, Mr. Faircloth's one-year limitation period began to run on July 14, 2009, as his state convictions became final when the time to file a direct appeal expired on July 13, 2009. However, the district court determined that because Mr. Faircloth filed a letter motion to withdraw his guilty plea, which the Arapahoe County District Court denied on June 9, 2009, the limitation period was tolled through July 24, 2009, when the time to file an appeal of that order expired. Consequently, the district court concluded that the one-year limitation period began to run on July 25, 2009, and ran unabated until it expired one year later on July 25, 2010.

Although Mr. Faircloth filed various requests for bond information and copies of transcripts, the plea agreement, and other court documents during this one-year period, the district court determined that these requests did not constitute "properly filed application[s] for State post-conviction or other collateral review," and therefore did not toll the limitation period under § 2244(d)(2). 28 U.S.C. § 2244(d); s*ee, e.g.*, *Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003); *Osborne v. Boone*, No. 99-7015, 1999 WL 203523, at *1–2 (10th Cir. 1999) (unpublished). The district court also concluded that because Mr. Faircloth's post-conviction motion under Rule 35(c) of the Colorado Rules of Criminal Procedure was not

14

filed until May 24, 2012, nearly two years after AEDPA's one-year limitation period had expired, it could not toll the limitation period under § 2244(d)(2).[4] As a result, the district court determined that Mr. Faircloth's § 2254 motion was untimely and merited dismissal unless Mr. Faircloth could show he was entitled to equitable tolling of the limitation period.

Mr. Faircloth's application for a COA offers no argument regarding the timeliness of his § 2254 motion, and instead focuses on the merits of the claims raised in the § 2254 motion. But in order to reach the merits of his § 2254 motion, Mr. Faircloth must first demonstrate that it was timely filed—a requirement he has not and cannot meet here. Even assuming, without deciding, that Mr. Faircloth's letter motion to withdraw his guilty plea tolled the commencement of the one-year limitation period until July 25, 2009, therefore extending the filing deadline until July 25, 2010, it is undisputed that his § 2254 motion was filed over six years after the one-year grace period had expired. And because his Rule 35(c) post-conviction motions, filed on March 24, 2014 and February 26, 2016, were also filed after July 25, 2010, they could not toll the already-expired limitation period. *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (noting petitioner's state post-conviction proceedings did not toll the limitation period because they were not filed until after the limitation period had already expired); *Hickmon v.*

---

[4] The district court did not address the Rule 35(c) post-conviction motions that Mr. Faircloth filed on February 26, 2016. However, even if either Rule 35(c) motion could be considered a "properly filed application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), both motions were filed outside the one-year limitation period and therefore would similarly be unable to toll the limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

15

*Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (unpublished) (concluding petitioner's state post-conviction motions "were also filed after the one-year [limitations] period" and "[c]onsequently, they could not toll the already-expired limitations period"). Therefore, no reasonable jurist could debate the district court's holding that Mr. Faircloth's § 2254 motion was untimely and therefore subject to dismissal unless he can demonstrate that he is entitled to equitable tolling.

## 2. Equitable Tolling

As previously noted, § 2244(d)'s one-year statute of limitations for filing a federal habeas petition is subject to equitable tolling only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). "[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) ("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))); *Sherratt*, 275 F. App'x at 767. Such exceptional circumstances include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal

16

citations omitted). In addition, an attorney's misconduct or "egregious behavior" may also "create an extraordinary circumstance that warrants equitable tolling." *Holland*, 560 U.S. at 651. However, "[s]imple excusable neglect is not sufficient" to meet this standard. *Gibson*, 232 F.3d at 808; *see also Holland*, 560 U.S. at 651–52 ("We have previously held that 'a garden variety claim of excusable neglect' . . . does not warrant equitable tolling." (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))). Furthermore, to demonstrate he has pursued his claims diligently, a prisoner must "allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted).

Before the district court, Mr. Faircloth argued he was entitled to equitable tolling because: (1) his attorney misrepresented the AEDPA deadline for filing a § 2254 motion by advising him, by letter, that he had three years to file his federal habeas corpus action; and (2) his attorney indicated he would file a Rule 35(c) post-conviction motion on his behalf, but never did. In support of these contentions, Mr. Faircloth submitted a letter dated September 29, 2009, in which his counsel incorrectly stated he had three years to file a federal habeas corpus petition and indicated that he would file a Rule 35(c) post-conviction motion on Mr. Faircloth's behalf within three years. Mr. Faircloth asserted that he had relied on his counsel's misrepresentation regarding the filing deadline for § 2254 motions and the assertion that counsel would prepare and file a Rule 35(c) post-conviction motion on his behalf. Finally, Mr. Faircloth argued that counsel ignored his requests to file the Rule 35(c) motion "as expediently as possible" and failed to

17

communicate with him until March 2011, at which point counsel indicated he would not file a Rule 35(c) motion on Mr. Faircloth's behalf.

The district court determined that Mr. Faircloth's allegations regarding his attorney's conduct did not state sufficiently rare and exceptional circumstances to merit equitable tolling. Moreover, the district court found that Mr. Faircloth failed to demonstrate due diligence in pursuing his rights and claims. In particular, the district concluded that, while egregious attorney misconduct may merit equitable tolling, the incorrect advice given by Mr. Faircloth's attorney regarding AEDPA's statute of limitations amounted to a single act of attorney negligence that did not rise to the level of rare and extraordinary circumstances. In addition, the district court concluded that Mr. Faircloth failed to allege any specific facts, other than a single request to his attorney to file a Rule 35(c) motion as expediently as possible, demonstrating any steps he took between September 28, 2009, and March 9, 2011, to inquire about his attorney's progress on the post-conviction motion or otherwise pursue his rights and claims. The district court also held that Mr. Faircloth's ignorance of the law did not excuse his noncompliance with the filing deadlines. *See Marsh* 223 F.3d at1220.

A review of the relevant legal standards leads us to conclude that no reasonable jurist could debate the district court's determination that Mr. Faircloth is not entitled to equitable tolling with regard to his § 2254 motion. While sufficiently egregious attorney misconduct may amount to the type of extraordinary circumstances warranting equitable tolling, *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007), a "garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing

18

deadline, does not warrant equitable tolling," *Holland*, 560 U.S. at 651–52 (internal citations and quotation marks omitted). As we have previously noted, "[h]abeas counsel's negligence is not generally a basis for equitable tolling because 'there is no constitutional right to an attorney in state post-conviction proceedings." *Fleming*, 481 F.3d at 1255 (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). "The rationale [for this principle] is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Id.* at 1255–56 (quoting *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)); *see also Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007). As a result, Mr. Faircloth's attorney's incorrect advice regarding AEDPA's statute of limitations does not amount to the type of extraordinary circumstances entitling him to equitable tolling. *See Reynolds v. Hines*, 55 F. App'x 512, 513 (10th Cir. 2003) (unpublished) (upholding the district court's denial of the petitioner's request to equitably toll the limitations period as the petitioner's "attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstance entitling [the petitioner] to equitable tolling"); *see also Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001))); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (noting the United States Court of Appeals for the Fourth Circuit has held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary

19

circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000))). Moreover, Mr. Faircloth failed to meet his burden of demonstrating that he diligently pursued his federal claims. *Cf. Holland*, 560 U.S. at 653 (finding the petitioner had demonstrated diligent pursuit of his federal claims where the petitioner "wrote his attorney numerous letters seeking crucial information and providing direction; . . . repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have" his attorney removed from his case; and "prepared his own habeas petition *pro se* and promptly filed it with the District Court" the day he discovered that the AEDPA time limitation had expired due to his attorney's failings).

Accordingly, we deny Mr. Faircloth a COA as to the district court's denial of his § 2254 motion.

### 3. Motion to Alter or Amend Pursuant to Rule 59(e)

After the district court denied his § 2254 motion, Mr. Faircloth filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). In his motion and supporting memorandum, Mr. Faircloth argued the merits of various claims raised in his § 2254 motion, claimed he was entitled to equitable tolling of the one-year time limit for filing § 2254 motions, and contended the Arapahoe County District Court lacked jurisdiction over his criminal cases. In addition, he submitted two affidavits, one of which had previously been filed with the Arapahoe County District Court, setting forth various facts surrounding his arrest, law enforcement's search and seizure of his property, the proceedings and negotiations regarding his plea agreement, his legal representation,

20

and his efforts to file post-conviction petitions. The district court denied Mr. Faircloth's motion to amend because it did not demonstrate any of the well-established grounds warranting relief under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In particular, the district court found it had not made a clear error in dismissing Mr. Faircloth's § 2254 motion as untimely, and that the denial would not result in a manifest injustice to Mr. Faircloth, because it "is undisputed that [his § 2254 motion] was filed out of time by more than six years" and that under "applicable law . . . equitable tolling was not warranted." In addition, the district court found that Mr. Faircloth's contention regarding the state court's jurisdiction is not a cognizable claim under § 2254.

In his application for a COA, Mr. Faircloth fails to present a single argument regarding the district court's denial of his motion to amend, with the possible exception of challenging the district court's conclusion that his claim regarding the Arapahoe County District Court's jurisdiction is not cognizable under § 2254. However, we discern no error in the district court's holding regarding Mr. Faircloth's jurisdictional claim, and conclude all reasonable jurists would agree that such a claim is not cognizable under § 2254, as "[f]ederal habeas courts will not . . . review issues of purely state law." *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (noting the United States Supreme Court has reiterated "many times that 'federal habeas corpus relief does not lie for errors of state law'" (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991))); *Dowdy v. Jones*, 198 F. App'x 785, 787 (10th Cir.

21

2006) (unpublished) (holding that petitioner's "first claim that the state trial court lacked jurisdiction to retry him . . . is a state law question that is not cognizable under § 2254"). At most, our review of purely state law issues may encompass a determination of "whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or [other constitutional] violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Harmon v. McCollum*, 652 F. App'x 645, 651 (10th Cir. 2016) (unpublished) (determining the state court's ruling "on its own state law [was not] 'so arbitrary or capricious as to constitute an independent due process . . . violation'" (quoting *Lewis*, 497 U.S. at 780)). And here there is nothing to suggest the Arapahoe County District Court's and the Colorado Court of Appeals' decisions regarding Mr. Faircloth's jurisdictional claim were arbitrary or capricious, let alone so arbitrary or capricious as to amount to a violation of Mr. Faircloth's constitutional rights.

Finally, for the reasons set forth above in Parts B.1 and B.2, we conclude no reasonable jurist could disagree with the district court's determination that it had not clearly erred in holding that Mr. Faircloth's § 2254 motion was untimely and that equitable tolling was unwarranted. As a result, the district court properly denied Mr. Faircloth's motion to amend and we accordingly deny a COA as to the district court's ruling.

### C. *Request to Proceed In Forma Pauperis*

As a final matter, Mr. Faircloth has filed a motion to proceed on appeal in forma pauperis. Prisoners seeking to proceed in forma pauperis in a habeas action must demonstrate "a financial inability to pay the required fees and the existence of a reasoned,

22

nonfrivolous argument on the law and facts in support of the issues raised on appeal."
*McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). We conclude that although Mr. Faircloth has demonstrated a financial inability to pay, he has not shown that his arguments on appeal are nonfrivolous. Accordingly, we deny Mr. Faircloth's motion to proceed in forma pauperis.

### III.    CONCLUSION

For the reasons set forth above, we conclude that reasonable jurists could not debate the district court's denials of Mr. Faircloth's § 2254 motion and his subsequent motion to amend. We therefore deny Mr. Faircloth's requests for a COA and to proceed in forma pauperis, and dismiss this appeal in its entirety.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

23